**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
Sheet 1

MAR – 1 2017

JAMES W. McCORMACK, CLERK
By:_____
                          DEP CLERK

# UNITED STATES DISTRICT COURT

Eastern District of Arkansas

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** ) | |
| ) | |
| DAVID BOYD ) | Case Number:  4:15CR00219-01 BSM |
| ) | |
| ) | USM Number:  29368-009 |
| ) | |
| ) | Latrece Gray |
| ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1, 2 of the Indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2252(a)(2) | Receipt and Distribution of Child Pornography | 7/17/2013 | 1 |
| 18 U.S.C. 2252(a)(4)(B) | Possession of Child Pornography | 7/17/2013 | 2 |

   The defendant is sentenced as provided in pages 2 through ____8____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/24/2017
Date of Imposition of Judgment

Signature of Judge

Brian S. Miller, United States District Judge
Name and Title of Judge

3-1-17
Date

AO 245B (Rev. 11/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __8__

DEFENDANT: DAVID BOYD
CASE NUMBER: 4:15CR00219-01 BSM

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
120 months on each count to run concurrently

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant receive a psychosexual evaluation and participate in sex offender counseling and educational and vocational programs during incarceration. Court further recommends placement in FCI Forrest City, Arkansas so as to remain close to his family.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at  _____ ☐ a.m. ☐ p.m. on  _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on  _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16)  Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page   3   of    8

DEFENDANT:  DAVID BOYD
CASE NUMBER:  4:15CR00219-01 BSM

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :  <u>10 years on each count to run</u>

<u>concurrently</u>

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
            ☐ The above drug testing condition is suspended, based on the court's determination that you
              pose a low risk of future substance abuse. *(check if applicable)*
4.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.    ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*


You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
                       Sheet 3A — Supervised Release
_____
                                                            Judgment—Page ____4____ of ____8____

DEFENDANT:  DAVID BOYD
CASE NUMBER:  4:15CR00219-01 BSM

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature  _____   Date  _____

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
                       Sheet 3B — Supervised Release

Judgment—Page   5   of   8

DEFENDANT:   DAVID BOYD
CASE NUMBER:   4:15CR00219-01 BSM

## ADDITIONAL SUPERVISED RELEASE TERMS

14) The defendant will submit their person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation office with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation office in the lawful discharge of the office's supervision functions pursuant to 18 U.S.C. 3583(d)(4).

15) The defendant will disclose business and personal information including all assets (and unexpected financial gains) and liabilities to the probation office. The defendant will not transfer, sell, give away, or otherwise convey any asset without approval from the probation office.

16) The probation office will provide state officials with all information required under any sexual predator and sexual offender notification and registration statutes and may direct the defendant to report to these agencies personally for required additional processing, such as an interview and assessment, photographing, fingerprinting, polygraph testing, and DNA collection.

17) The defendant will participate in sex offender treatment under the guidance and supervision of the probation office an abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process.  The defendant will pay for the cost of the treatment, including polygraph sessions, at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office.  In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

18) The defendant will not purchase, possess, subscribe, view, listen to, or use any media forms containing pornographic images of sexually oriented materials including but not limited to written, audio, and visual depictions, such as pornographic books, magazines, literature, videos, CDs, DVDs, digital media, or photographs. This includes materials containing "sexually explicit conduct" as defined in 18 U.S.C. 2256(2).

19) The defendant will not own or use any computer or electronic device with Internet access at any location, other than using a third party's computer to apply for employment at that party's business, without permission from the probation officer. This includes access through any Internet service provider, bulletin board system, gaming system, device, or console, online social networking activities, any public or private computer network system, cell phone or any other remote device capable of Internet access.  The defendant will not access the Internet by any device or means that is not susceptible to monitoring by the probation office.

20) The defendant will agree to the installation of computer monitoring software and hardware approved by the probation office. The defendant will abide by all the rules and requirements of the program and will consent to unannounced examinations of all computer equipment internal and external storage devices which may include retrieval and copying of all data from the computer(s) and any internal and external peripherals and/or removal of such equipment for the purpose of conducting a more thorough inspection by the probation office or probation service representative.

21) The defendant will not participate in online gaming.  The defendant will not utilize or maintain any memberships or accounts of any social networking website or websites that allow minor children membership, a profile, an account, or webpage without approval of the probation office.  This includes websites that explicitly prohibit access or use by sex offenders.

22) The defendant shall not associate with children under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense, and who has been approved by the probation officer. Should the defendant have incidental contact with a child, the defendant is required to immediately remove himself from the situation and notify his/her probation officer within 24 hours of this contact.  The defendant will refrain from entering into any area where children frequently congregate including, but not limited to, schools, daycare centers, theme parks, theaters, and playgrounds.

AO 245B (Rev. 11/16)    Judgment in a Criminal Case
                        Sheet 3C — Supervised Release

Judgment—Page  6  of  8

DEFENDANT: DAVID BOYD
CASE NUMBER: 4:15CR00219-01 BSM

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

23) The defendant will not knowingly associate with or have any contact with convicted sex offenders unless in a therapeutic setting and approved by the probation office.

24) The defendant will not date or befriend anyone who has a child or children under 18 without notification of the third party and verification by the probation office.

25) The defendant will not frequent or reside within 2,000 feet of locations frequented by persons under the age of 18, such as schools, playgrounds, daycare centers, theme parks, theaters, community centers, or water parks.

26) The defendant will not reside in a residence where a minor child also resides.

27) The defendant will not make application for any loan or enter into any credit arrangement without approval from the probation office unless all criminal penalties have been satisfied.

AO 245B (Rev. 11/16)  Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page __7__ of __8__

DEFENDANT: DAVID BOYD
CASE NUMBER: 4:15CR00219-01 BSM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 0.00 | $ 400.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Casseaopeia c/o Law Office of Sara J. Powell | | $200.00 | |
| Emily c/o Law Office of Erik Bauer in Trust for Emily | | $200.00 | |

| **TOTALS** | $ 0.00 | $ 400.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page   8   of   8

DEFENDANT:  DAVID BOYD
CASE NUMBER:  4:15CR00219-01 BSM

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $  600.00  due immediately, balance due

      ☐  not later than  _____ , or
      ☐  in accordance with  ☐  C,   ☐  D,   ☐  E, or   ☐  F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal  _____  (e.g., weekly, monthly, quarterly) installments of $  _____  over a period of
_____  (e.g., months or years), to commence  _____  (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal  _____  (e.g., weekly, monthly, quarterly) installments of $  _____  over a period of
_____  (e.g., months or years), to commence  _____  (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

E  ☐  Payment during the term of supervised release will commence within  _____  (e.g., 30 or 60 days) after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

    Restitution is due immediately, and any unpaid balance will be payable during supervised release. Beginning the
first month of supervised release, payments will be 10 percent per month of the defendant's monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
    see attached final order of forfeiture dated 2/23/2017.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              CASE NO. 4:15CR00219 BSM

DAVID BOYD                                                 DEFENDANT

## FINAL ORDER OF FORFEITURE

Before the Court is the United States motion for final order of forfeiture [Doc. No. 21].   On December 8, 2016, this Court entered a Preliminary Order of Forfeiture, ordering Defendant to forfeit his interest one Seagate Barracuda HDD, serial number Z3TDHVZH, one Seagate Barracuda HDD, serial number 6RX8XAJA, and one Western Digital HDD, model number WD6400AAKS-22A7B2.  (collectively "property subject to forfeiture").

The United States published notice of this forfeiture and the United States' intent to dispose of the property in accordance with the law as specified in the Preliminary Order. *See* Advertisement Certification (Dkt. 21-1).  The United States posted its notice on the forfeiture website, internet address of www.forfeiture.gov for 30 consecutive days beginning on December 15, 2016 and ending on January 13, 2017.  Further, the United States also made reasonable efforts to identify and give direct notice of this forfeiture to all persons who reasonably appear to have standing to contest this forfeiture in an ancillary proceeding, but no such person was identified.   No one has filed a claim to the

property subject to forfeiture, and the time for filing claims has expired.

Now the United States petitions the Court to enter a Final Order of Forfeiture, which will vest all right, title, and interest in the United States. The United States also asks this Court to authorize the United States Marshal or his designee to dispose of the property according to law.

It is hereby ordered that the property subject to forfeiture is forfeited to the United States. It is further ordered that all right, title, and interest in the property subject to forfeiture is hereby vested in the United States of America and shall be disposed of according to law. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

IT IS SO ORDERED this 23rd day of February 2017.

_____
UNITED STATES DISTRICT JUDGE